The Honorable Benjamin H. Settle

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DARRYL LEE WRIGHT,<br><br>Defendant. | NO. CR14-5539BHS<br><br>MOTION TO DETAIN OR CHANGE CONDITIONS OF RELEASE – IMMEDIATE ACTION REQUESTED PURSUANT TO CrR 12(6) |

The United States of America, by and through Annette L. Hayes, United States Attorney for the Western District of Washington, and David Reese Jennings, Assistant United States Attorney for said District, and files this Motion for an Arrest Warrant, to Revisit Release on Bond, and to Detain Defendant Darryl Lee Wright until trial.

**Background**

DARRYL LEE WRIGHT and his sister are charged by indictment with extensive wire fraud and benefits fraud against the Veterans Administration, Social Security Administration, Office of Personnel Management, Department of Commerce, United States Army, and Washington State Employment Security Department.  On January 29, 2015, defendant DARRYL LEE WRIGHT made his initial appearance before United States Magistrate Judge Richard C. Creatura.  At the initial hearing, the United States

MOTION TO DETAIN or CHANGE
CONDITIONS OF RELEASE/*USA v. Wright*- 1
CR14-5539BHS

1  moved for detention, arguing that defendant was a danger to the community and likely to

2  interfere with witnesses and obstruct justice.  The United States proffered evidence

3  establishing defendant's past incidents of threatening witnesses, feigning PTSD

4  symptoms when arrested, or otherwise accused of crimes involving alcohol, and failing to

5  respect the judicial process.  The Court released defendant on a signature bond, which

6  included the standard term that defendant not threaten, harass, or tamper with witnesses;

7  however, the court spent several minutes discussing the conditions of defendant

8  WRIGHT's release, asking him in the process whether he understood the conditions.

9  Beginning at minute 36:30 of the initial appearance, the court specifically reminded

10 WRIGHT of the general condition that he not interfere with witnesses.  Specifically, the

11 court told WRIGHT that "interference with other witnesses is certainly a very serious

12 concern, and you need to be scrupulous in not discussing this matter with anyone who

13 may be a subject of the investigation that may lead to trial."  The court then asked if

14 WRIGHT understood this restriction, and WRIGHT said that he did.

15

16      Subsequent investigation reveals WRIGHT has refused to follow the court's

17 warnings to stay away from witnesses.  Indeed, WRIGHT was caught meeting with

18 witnesses, discussing his testimony, warned to stop, but caught a second time with the

19 same witnesses.  WRIGHT simply refuses to stop, and instead continues to flout the

20 Court's Order.

21      Interviews conducted by Special Agent Dana Epperson of the VAOIG reveal that

22 WRIGHT sought out two people in Idaho he knew were subjects, and which he knew

23 would be witnesses.  He took them to lunch, discussed his indictment with them,

24 apologized for falsely using their names and other identifying information in forms filed

25 with the VA, and sought their forgiveness.  He showed them a copy of his indictment,

26 and he discussed how he had used them in his scheme.  WRIGHT admitted to one

27 witness that he had done the same thing to several other people—created false documents

28

MOTION TO DETAIN or CHANGE
CONDITIONS OF RELEASE/*USA v. Wright*- 2
CR14-5539BHS

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

in their names and filed them to get disability payments.  He sought their forgiveness.
Agent Epperson traveled to Idaho and confirmed these post-initial-hearing contacts by
WRIGHT with witnesses.  These transgressions occurred in March of 2015.

The United States notified Pretrial Services of these contacts and sought to have
WRIGHT arrested.  Surprisingly, Pretrial Services refused to file a violation, claiming
(incorrectly) that the United States was required to provide the defendant with a list of
witnesses he should not contact before Pretrial would take action.  (The court ordered no
such requirement.)  Moreover, in light of defendant's history of threatening to kill
potential witnesses (discussed at WRIGHT's Initial Hearing with the Court), the last
thing the United States would offer defendant WRIGHT is a roadmap to key witnesses
against him.  Under the circumstances, it would be reckless to do so.

Nonetheless, the United States understands that, upon learning about these
contacts with witnesses, the Pretrial Services Officer assigned to WRIGHT did warn
WRIGHT to stay away from witnesses and not to discuss their testimony in his case.  The
United States also warned WRIGHT's attorney to convey to WRIGHT that it took these
contacts seriously, and the United States would act upon any future contacts.  Counsel
assured us he had warned his client, and that the message was received.

WRIGHT failed to get the message, and continues to contact, meet with, and
discuss his case with witnesses and victims.  In fact, the only message WRIGHT seemed
to get from his first brush with Pretrial is that nothing happens when he violates the terms
of his release.  Phone records show that WRIGHT has continued to call and text
witnesses and victims in this case.  This includes victims of identity theft, people whose
identities Wright used to further his fraud schemes against the United States.  One
witness told agents that WRIGHT has not only contacted him since the last episode, but
that WRIGHT has twice gone to lunch with him—in Idaho!  The witness/victim indicated
that WRIGHT inquired about what the victim had said to the agents, and whether he was

MOTION TO DETAIN or CHANGE
CONDITIONS OF RELEASE/*USA v. Wright*- 3
CR14-5539BHS

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

truthful.  All this happened after the last set of warnings.  (WRIGHT initiated these meetings.)

WRIGHT's phone records also show that WRIGHT has been texting with another one of his victims, repeatedly, after being warned to stay away from witnesses.  This witness also told agents that WRIGHT had met with him in Idaho and discussed the charges WRIGHT faces.  WRIGHT knows these are witnesses, and victims, since he has confessed to them that he used their names to fabricate VA Forms in furtherance of his scheme.

**Argument**

Considering how clearly the court warned the defendant not to talk to witnesses, and because WRIGHT is talking about potential testimony, there is no question that WRIGHT deliberately violated the court's order, and he is continuing to do so.  Even after being warned, WRIGHT chooses to continue with his contact.  The United States, therefore, must insist that WRIGHT be arrested and detained.

WRIGHT has a history of retaliating and manipulating witnesses.  In this very case, WRIGHT has retaliated against the whistleblower that first brought his fraudulent conduct to light (i.e., WRIGHT's submitting fabricated military orders to his employer). In other situations, WRIGHT has threatened to kill witnesses, including the new boyfriend of his ex-girlfriend.  Pretrial Services is unable to control WRIGHT's conduct, or worse, tolerates it.  Either way, the court must get involved to address these violations. It is not up to Pretrial Services to countermand the clear intent of the court.

It is clear that WRIGHT is trying to manipulate these witnesses and victims, hoping to make them feel guilty for or somehow responsible for the consequences he faces after trial if they carry out their testimony.  There is no benign intent, even when WRIGHT confesses his crimes to them.  The court should, therefore, immediately act and

MOTION TO DETAIN or CHANGE
CONDITIONS OF RELEASE/*USA v. Wright*- 4
CR14-5539BHS

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1  detain WRIGHT.  When he asks to be released, the court should seek some explanation

2  from WRIGHT for why he continues to contact witnesses, and why anyone would

3  believe that he will ever stop doing so.  It is no excuse that some of these witnesses may

4  have been WRIGHT's friends before he appropriated their identities for his scheme, or

5  that, somehow, WRIGHT's desire to keep them as friends justifies his violations.

6  Defendant has no right to buy lunches for these witnesses, to serve each with his version

7  of the case, to seek their forgiveness or to turn their testimony.  **THESE**

8  **WITNESSES ARE VICTIMS**: it is entirely unfair that the victims should be

9  required to push away this 6'10," dangerous, manipulative defendant.

10

11       It appears defendant has learned not only how to manipulate others, but that he has

12  grown arrogant about his ability to use this skill to get out of trouble and to get his way.

13  Since being released pending trial, WRIGHT asked Pretrial for permission to go on a

14  Mexican cruise.  When Pretrial refused, WRIGHT asked if he could go instead on an

15  Alaskan cruise.  WRIGHT sought additional benefits for his family after learning of this

16  investigation.  After his arrest, he hired a separate attorney to appeal Social Security's

17  suspension of his benefits (suspension is a routine step when someone faces multiple

18  felonies against SSA.)  The conduct discussed at his arraignment and initial appearance--

19  the escaped DUI, how he abandoned a car in a tree, and how he suddenly flopped when

20  confronted in a bar--now more than ever appear to be part of a pattern of manipulation.

21  Here, again, though he was amply warned by the court, he has ignored the warning,

22  perhaps believing that his skills at manipulation will once again be employed to escape

23  any real consequences.

24  //

25  //

26  //

27

28

MOTION TO DETAIN or CHANGE
CONDITIONS OF RELEASE/*USA v. Wright*- 5
CR14-5539BHS

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1    DATED this 2nd day of July, 2015.

2

3
                                         Respectfully submitted,
4

5                                        ANNETTE L. HAYES
                                         United States Attorney
6

7
                                         */s David Reese Jennings*
8                                        DAVID REESE JENNINGS
9                                        Assistant United States Attorney
                                         1201 Pacific Avenue, Suite 700
10                                       Tacoma, Washington 98402
11                                       Telephone:  (253) 428-3817
                                         Fax:  (253) 428-3826
12                                       E-mail: David.R.Jennings@usdoj.gov

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MOTION TO DETAIN or CHANGE
CONDITIONS OF RELEASE/*USA v. Wright*- 6
CR14-5539BHS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

CERTIFICATE OF SERVICE

I hereby certify that on July 2, 2015, I electronically filed the foregoing with the

Clerk of the Court using the CM/ECF system which will send notification of such filing

to the attorney of record for the defendant.

*/s/ Jennifer Shauberger*
JENNIFER SHAUBERGER
Legal Assistant
United States Attorney's Office
1201 Pacific Avenue, Suite 700
Tacoma, Washington 98402
Phone: 253-428-3803
FAX:  253-428-3826
E-mail: Jennifer.Shauberger@usdoj.gov

MOTION TO DETAIN or CHANGE
CONDITIONS OF RELEASE/*USA v. Wright*- 7
CR14-5539BHS

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800