The Honorable Benjamin H. Settle

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DARRYL WRIGHT,<br><br>Defendant. | No. CR14-5539 BHS<br><br>DEFENDANT WRIGHT'S RESPONSE TO GOVERNMENT'S MOTION FOR DETENTION |

Defendant Darryl Wright, by his attorney, Christopher Black, submits the following response in opposition to the Government's motion to detain Mr. Wright pending trial or amend his conditions of release. For the reasons set forth below, the Court should deny the Government's motion.

I.   **FACTUAL AND PROCEDURAL BACKGROUND**

On April 1, 2014, approximately ten months prior to Mr. Wright's initial appearance in this matter, undersigned counsel contacted AUSA Jennings about an ongoing investigation into Mr. Wright's activities. On May 7, 2014, undersigned counsel met with AUSA Jennings and a number of agents investigating the case at the United States Attorney's Office in Tacoma, Washington, to discuss the case. No later than the time of the meeting, the Government communicated to Mr. Wright, through undersigned counsel, that criminal prosecution was

DEFENDANT WRIGHT'S RESPONSE TO
GOVERNMENT'S MOTION FOR DETENTION
(*Darryl Wright*; No. CR14-5539 BHS) - 1

BLACK LAW, PLLC
1111 Hoge Building, 705 Second Avenue
Seattle, WA 98104
206.623.1604 | Fax: 206.658.2401

certain and that it was just a matter of time before the government sought an indictment. Despite this knowledge, Mr. Wright took no steps whatsoever to do anything obstructive of justice, to absent himself from the jurisdiction of the Court, or in fact to change his daily life in any way.

The Government secured an indictment on November 25, 2014, but let it remain sealed until January 27, 2015. On that day, Government counsel graciously contacted undersigned counsel to make arrangements for Mr. Wright to appear voluntarily, despite the issuance of a warrant. At the time, Mr. Wright was in Idaho, where he travels regularly to visit his daughter. Mr. Wright immediately secured a plane ticket so he could get to court in time for his scheduled hearing. Mr. Wright appeared at the Courthouse on the morning of January 29, 2015, sat for an interview with the Pretrial Services Office, and then turned himself in on the warrant as had been prearranged.

At Mr. Wright's initial appearance, on the afternoon January 29, 2015, Magistrate Judge Creatura released Mr. Wright on an appearance bond. As relevant to the instant motion, the bond included the following condition:

> **Victim and Witness Protection.** I must not harass, threaten, intimidate, tamper with, improperly influence, or injure the person or property of witnesses, jurors, informants, victims of crime, judicial officers, or other persons related to official proceedings before the Court, in violation of 18 U.S.C. § 1503, 1512, and 1513.

Dkt. No. 11.

Since the time Mr. Wright was released, he has complied scrupulously with the above-noted condition, as well as with the rest of the conditions in the bond.

The Government has alleged that subsequent to his initial appearance Mr. Wright has made telephone calls and sent text messages to people who are potential witnesses, and that Mr.

DEFENDANT WRIGHT'S RESPONSE TO
GOVERNMENT'S MOTION FOR DETENTION
(*Darryl Wright*; No. CR14-5539 BHS) - 2

BLACK LAW, PLLC
1111 Hoge Building, 705 Second Avenue
Seattle, WA  98104
206.623.1604 | Fax:  206.658.2401

Wright has met these people on more than one occasion in Idaho. Specifically, the Government alleges that in March of 2015:

> [Mr. Wright] took them to lunch, discussed his indictment with them, apologized for falsely using their names and other identifying information in forms filed with the VA, and sought their forgiveness. He showed them a copy of his indictment, and he discussed how he had used them in his scheme. WRIGHT admitted to one witness that he had done the same thing to several other people—created false documents in their names and filed them to get disability payments. He sought their forgiveness.

Gov't Motion, Dkt. No. 35, at 2-3. The Government further alleges that Mr. Wright later continued to call and text potential witnesses, and went out to lunch with one of them. Id. at 3. Allegedly, this person said that Mr. Wright inquired about what he had said to the agents and whether he told the truth. Id. at 3-4.

What the Government notably does not allege is that Mr. Wright asked any of the witnesses to do anything at all, let alone something improper, such as refrain from talking to authorities, or not say anything about particular facts, or lie. The Government does not allege that any of these people were disturbed, frightened or intimidated by Mr. Wright in any way. While the Government characterizes Mr. Wright's alleged contacts with witnesses as being for the purpose of manipulation, see Gov't Motion at 3 – 4, it is not immediately apparent how an admission of wrongdoing and an apology would have the effect that the Government asserts. After these alleged contacts, the United States Attorney's Office attempted to have Pretrial Services revoke Mr. Wright's bond, but apparently concluding that no violation of Mr. Wright's conditions of release had been committed, Pretrial Services refused to do so.

DEFENDANT WRIGHT'S RESPONSE TO
GOVERNMENT'S MOTION FOR DETENTION
(*Darryl Wright*; No. CR14-5539 BHS) - 3

BLACK LAW, PLLC
1111 Hoge Building, 705 Second Avenue
Seattle, WA  98104
206.623.1604 | Fax:  206.658.2401

## II. ARGUMENT

The Court should deny the Government's motion, and should decline to take any action, because the Government's allegations about Mr. Wright do not rise to the level of violations of any of the conditions of his bond.

The conditions of release in this case are clear. Mr. Wright is prohibited from harassing, threatening, intimidating, tampering with, improperly influencing, or injuring any witnesses or victims in this case. See Dkt. No. 11. There is no evidence that Mr. Wright has engaged in any conduct that violated his conditions of release. Rather, the Government's request to detain Mr. Wright appears to be based on its concern that Mr. Wright has simply contacted witnesses in this case. But, the conditions of Mr. Wright's release do not prohibit him from contacting witnesses or victims. Thus, mere contact with these individuals cannot be grounds for revoking Mr. Wright's bond, so long as Mr. Wright does not intimidate, threaten, or attempt to improperly influence witnesses or victims.

The Government contends that the Court's admonishment to Mr. Wright regarding interfering with witnesses and victims during Mr. Wright's initial appearance hearing somehow created an additional condition of release that prohibits Mr. Wright from contacting witnesses or victims completely. Contrary to the Government's assertions, the Court's admonishment was nothing more than a reiteration of the express conditions of Mr. Wright's release. So long as Mr. Wright refrains from violating the express conditions of his release relating to intimidation and improper influence of witnesses and victims, no violation can be found, even if Mr. Wright has contact with these individuals. Indeed, the Court could not have orally amended the written conditions of Mr. Wright's release, as such an amendment would be contrary to the plain language of the Bail Reform Act. Specifically, 18 U.S.C. § 3142(h) provides that a release

DEFENDANT WRIGHT'S RESPONSE TO
GOVERNMENT'S MOTION FOR DETENTION
(*Darryl Wright*; No. CR14-5539 BHS) - 4

BLACK LAW, PLLC
1111 Hoge Building, 705 Second Avenue
Seattle, WA  98104
206.623.1604 | Fax:  206.658.2401

order shall: "include a **written statement** that sets forth **all the conditions to which the release is subject**, in a manner sufficiently clear and specific to serve as a guide for the persons conduct." 18 U.S.C. §3142(h) (emphasis added). In the instant case, there is no written condition prohibiting Mr. Wright from contacting witnesses or discussing procedural aspects of the case with people who may be potential witnesses.

Nor, contrary to the Government's contentions, can Mr. Wright's alleged contacts with witnesses be construed as attempts to harass, improperly influence, or intimidate. The Government has alleged only that Mr. Wright had discussions pertaining to this case with witnesses, which involved an apology and a plea for forgiveness in March, 2015, and more recently an inquiry about whether one of his friends, who happens to be a witness in this case, was truthful in his discussions with federal agents.[1] The Government alleges that these discussions were attempts to improperly influence the witnesses involved, but there is simply no evidence to support the Government's allegations. Indeed, the Government's claims of improper influence appear to be nothing more than speculation.

It is also unclear how Mr. Wright's request to Pretrial Services about taking a cruise and Mr. Wright's hiring of an attorney to dispute the discontinuance of his SSA benefits is evidence of arrogance or manipulation, or how those actions are relevant to the Government's allegations of witness tampering.

The defense acknowledges that, all other things being equal, it would be best for Mr. Wright to simply avoid any contact between himself and any potential witnesses. However, all other things are not equal. Mr. Wright's sister is his co-defendant in this matter. Both his mother and father have been interviewed by agents, as has his domestic partner. They are all

---

[1] Mr. Wright does not admit any of the allegations that the Government has made against him.

DEFENDANT WRIGHT'S RESPONSE TO
GOVERNMENT'S MOTION FOR DETENTION
(*Darryl Wright*; No. CR14-5539 BHS) - 5

BLACK LAW, PLLC
1111 Hoge Building, 705 Second Avenue
Seattle, WA  98104
206.623.1604 | Fax:  206.658.2401

presumably potential witnesses. Likewise, agents have interviewed essentially all of the friends and colleagues that Mr. Wright has had over the last 10-15 years. The Government's interpretation of Mr. Wright's conditions of release as a prohibition of all contact with any potential witnesses would essentially comprise an order that Mr. Wright not have any contact whatsoever with any of his family and friends. This would not be a reasonable condition. It is likely that this type of eventuality is the reason the standard bond condition does not prohibit all contact, just contact that harasses, threatens, intimidates, tampers with, improperly influences, or injures.

Regardless of the propriety of a blanket no-contact condition, the fact remains that it is not a condition that the Court imposed and therefore not a condition that Mr. Wright could have violated. The conditions of Mr. Wright's release, as currently written, do not prohibit Mr. Wright from contacting victims and witnesses, and any mere contact by Mr. Wright with such individuals does not form the basis for revocation of Mr. Wright's bond.

DEFENDANT WRIGHT'S RESPONSE TO
GOVERNMENT'S MOTION FOR DETENTION
(*Darryl Wright*; No. CR14-5539 BHS) - 6

BLACK LAW, PLLC
1111 Hoge Building, 705 Second Avenue
Seattle, WA 98104
206.623.1604 | Fax: 206.658.2401

### III. CONCLUSION

Based on the foregoing, the defense respectfully requests that the Court deny the Government's motion to detain Mr. Wright pending trial or amend his conditions of release.

DATED this 5th day of July, 2015.

Respectfully submitted,

BLACK LAW, PLLC

<u>s/ Christopher Black</u>
Christopher Black
Attorney for Darryl Wright
Black Law, PLLC
1111 Hoge Building
705 Second Avenue
Seattle, WA  98104
Phone:       206.623.1604
Fax:            206.658.2401
Email:        crb@crblack.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served on the below-noted date, via the CM/ECF system, upon the parties required to be served in this action.

DATED this 5th day of July, 2015.

    Respectfully submitted,

    BLACK LAW, PLLC

    <u>s/ Christopher Black</u>
    Christopher Black
    Attorney for Darryl Wright
    Black Law, PLLC
    1111 Hoge Building
    705 Second Avenue
    Seattle, WA  98104
    Phone:    206.623.1604
    Fax:    206.658.2401
    Email:    crb@crblack.com

DEFENDANT WRIGHT'S RESPONSE TO
GOVERNMENT'S MOTION FOR DETENTION
(*Darryl Wright*; No. CR14-5539 BHS) - 8

BLACK LAW, PLLC
1111 Hoge Building, 705 Second Avenue
Seattle, WA  98104
206.623.1604 | Fax:  206.658.2401