The Honorable Benjamin H. Settle

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>DARRYL WRIGHT, et al.,<br><br>　　　　Defendants. | No. CR14-5539 BHS<br><br>DEFENDANT WRIGHT'S REPLY TO GOVERNMENT'S RESPONSE TO MOTION TO DISMISS COUNT 12 OF THE SUPERSEDING INDICTMENT FOR VIOLATION OF THE STATUTE OF LIMITATIONS |

Defendant Darryl Wright, by his attorney, Christopher Black, submits the following reply to the Government's response to his motion to dismiss Count 12 of the Superseding Indictment.

I.   **ARGUMENT**

　　A.  **Defendant's Motion Does Not Invade the Province of the Jury.**

The Government argues that resolution of Mr. Wright's motion to dismiss will require the Court to invade the province of the jury. The Government's argument is unpersuasive. A court may resolve a pretrial motion if "trial of the facts surrounding the commission of the alleged offense would be of no assistance in determining the validity of the defense." United States v. Shortt Accountancy Corp., 785 F.2d 1448, 1453 (9th Cir. 1986) (citing United States v. Convicting, 395 U.S. 57, 60 (1969)) (internal quotation marks omitted). Motions to dismiss a

count pursuant to Fed. R. Crim. P. 12(b)(1) based upon a statute of limitations defense are ripe for resolution where the central issue in dispute is a question of law and the facts are essentially undisputed.  See United States v. Craft, 105 F.3d 1123, 1127 (6th Cir. 1997).  Despite the Government's assertions to the contrary, Mr. Wright's motion to dismiss presents a legal issue and not a disputed question of fact.  The issue before the Court is a question of statutory construction.  Specifically, the Court is called upon to construe the definition of the word "use" as that word is used in 18 U.S.C. § 1028A.  It is, of course, well settled that questions of statutory construction are questions of law.  Snoqualmie Indian Tribe v. FERC, 545 F.3d 1207, 1212 (9th Cir. 2008).

Further, as explained in Mr. Wright's original submission, the defense does not dispute the facts alleged by the Government, for purposes of this motion.[1]  Thus, the Court is not being called upon to make any factual determinations for the purpose of resolving this motion.[2]  The essential facts are that on or about October 3, 2009, Mr. Wright submitted a number of "Buddy Statements" to the Department of Veterans Affairs ("VA").  The defense stipulates for this motion that a number of the signatures on the statements were not genuine and that Mr. Wright was aware of this when he submitted the forms.  Mr. Wright did not in any way affirmatively take any action in regard to these statements subsequent to October 3, 2009 (a fact undisputed by the Government).  However, a VA Adjudicator subsequently relied on the statements

---

[1] Mr. Wright does not admit guilt or stipulate to any of the facts alleged by the Government. However, for the purposes of this motion only Mr. Wright does not dispute the facts as set forth in the indictment and the Government's response brief.

[2] The defense requested an evidentiary hearing in the caption of the initial motion.  The defense anticipated that the Government may make an allegation that Mr. Wright took some relevant action subsequent to October 3, 2009, and requested an evidentiary hearing in an abundance of caution.  The Government has not made such an allegation and the defense therefore withdraws its request for an evidentiary hearing (although we maintain our request for oral argument).

DEFENDANT WRIGHT'S REPLY TO
GOVERNMENT'S RESPONSE TO MOTION TO
DISMISS (*Darryl Wright*; No. CR14-5539 BHS) - 2

BLACK LAW, PLLC
1111 Hoge Building, 705 Second Avenue
Seattle, WA  98104
206.623.1604 | Fax:  206.658.2401

submitted by Mr. Wright in 2009, when reviewing Mr. Wright's VA file and rendering a decision in Mr. Wright's favor on October 12, 2011. The Government describes the VA file as a sort of living document, capable of being changed often. The Government also notes that many people rely on the file over time. The defense will stipulate to these facts as well for this motion.

The defense submits that even assuming the truth of these allegations, the Government is barred from prosecuting Mr. Wright for aggravated identity theft, as alleged in Count 12, by the statute of limitations, 18 U.S.C. § 3282(a), as described below. Consequently, because resolution of this motion will not require the Court to make any factual determinations, the Court's determination of Mr. Wright's motion to dismiss Count 12 will not invade the province of the jury.

### B. Because the Last Time Mr. Wright Allegedly Used the Buddy Statements was October 3, 2009, Count 12 of the Indictment Should be Dismissed.

The aggravated identity theft statute provides: "Whoever, during and in relation to any felony violation enumerated in subsection (c), *knowingly transfers, possesses, or uses* without lawful authority, a means of identification of another person shall, in addition to the punishment provided for such felony, be sentenced to a term of imprisonment of 2 years." 18 U.S.C. § 1028A(a)(1).

There is no dispute about the fact that the date on which Mr. Wright submitted the Buddy Statements in question was October 3, 2009, and that this date falls outside the federal statute of limitations. The only question is whether the VA's reliance on the 2009 statements in 2011 constituted "use" of the statements by Mr. Wright within the meaning of 18 U.S.C. § 1028A(a)(1). The Government submits that it does, arguing that aggravated identity theft is a

DEFENDANT WRIGHT'S REPLY TO
GOVERNMENT'S RESPONSE TO MOTION TO
DISMISS (*Darryl Wright*; No. CR14-5539 BHS) - 3

BLACK LAW, PLLC
1111 Hoge Building, 705 Second Avenue
Seattle, WA 98104
206.623.1604 | Fax: 206.658.2401

continuing offense and that by submitting the Buddy Statements in 2009, Mr. Wright aided and abetted the VA in granting him benefits in 2011. The Government's two theories are meritless.

1. Aggravated Identity Theft is not a Continuing Offense.

Aggravated identity theft is not a continuing offense. A statute of limitations begins to run when an offense is completed. Toussie v. United States, 397 U.S. 112, 115 (1970) (internal citation and quotation marks omitted). Further, an offense will not be construed to be a continuing offense absent clear evidence of congressional intent. See id. (holding that offense should not be construed as a continuing one "unless the explicit language of the substantive criminal statute compels such a conclusion, or the nature of the crime involved is such that Congress must have assuredly intended that it be treated as a continuing one.").

There is no explicit language in 18 U.S.C. § 1028A(a)(1) indicating that aggravated identity theft is a continuing offense. Nor is there any evidence indicating that aggravated identity theft is the type of offense that Congress intended to be a continuing one. In United States v. Tavarez-Levario, 788 F.3d 433 (5th Cir. 2015), the Fifth Circuit rejected the Government's argument that using a false immigration document constitutes a continuing offense when construing 18 U.S.C. § 1546(a), a statute very similar to 18 U.S.C. § 1028A. That statute provides in pertinent part that: "Whoever . . . uses . . . any visa, permit, border crossing card, alien registration receipt card, or other document prescribed by statute or regulation for entry into or as evidence of authorized stay or employment in the United States, knowing it to be forged, counterfeited, altered, or falsely made . . . [s]hall be fined under this title or imprisoned . . . ." In Tavarez-Levario, the defendant, an undocumented immigrant, presented a counterfeit I-551 or green card to his employer on February 2, 2009. Tavarez-Levario, 788 F.3d at 435. The Government indicted Mr. Tavarez-Levario for presenting the counterfeit card to his

employer on March 16, 2014.  Id.  Although more than 5 years had passed since the date that Mr. Tavarez-Levario presented the card to his employer, the Government argued that Mr. Tavarez-Levario continued to "use" the card up to the time that he was arrested in 2014, because throughout the course of his employment, which lasted until the year that Mr. Tavarez-Levario was indicted, his employer continued to rely on the counterfeit employment card presented in February, 2009, in granting him employment.  See id. at 438.

The court rejected the Government's argument, holding first that under the plain meaning rule the term "use" cannot be construed as "involving an ongoing action," and therefore the employer's continued reliance on the counterfeit green card that Mr. Tavarez-Levario presented on February 2, 2009, could not be construed as continuing use of the green card by Mr. Tavarez-Levario.  Id.  In other words, the court found that the offense with which Mr. Tavarez-Levario was charged ended when he presented the counterfeit card to his employer, on February 2, 2009, and did not encompass the subsequent period during which the employer continued to rely on the card in providing employment to Mr. Taravarez-Levario. Additionally, the Court explained that despite the fact that Mr. Tavarez-Levario continued to receive benefits from the use of the counterfeit card in 2009 for many years to come, a violation of 18 U.S.C. § 1546(a) could not be construed as a continuing offense, because in determining whether an offense is continuing, the conduct of the charged individual is not relevant, rather the "nature of the offense itself must be such that it inherently involves criminal activity of an ongoing or continuous character."  See id. at 441.  The court ultimately concluded that "nothing about the 'use' of an immigration document denotes longevity."  Id.

The analysis in Tavarez-Levario is applicable directly to Mr. Wright's case.  Mr. Wright is charged with using another's means of identification in furtherance of a felony.  The act in

question is submitting false Buddy Statements to the VA on October 3, 2009. Because Mr. Wright last "used" the Buddy Statements on October 3, 2009, within the plain meaning of that term and the VA's subsequent reliance on the statements in 2011 cannot constitute "use" of the statements by Mr. Wright, and because nothing about the aggravated identity theft statute indicates that aggravated identity theft is a continuing offense, the offense in question was completed on October 3, 2009, and the Government is therefore precluded from prosecuting Mr. Wright for the offense charged in Count 12 under 18 U.S.C. § 3282(a).

2. <u>The Government's Aiding and Abetting Theory Cannot Stand</u>.

Likely recognizing that aggravated identity theft will not be construed as a continuing offense, the Government offers a second theory. The Government contends that it is not barred by the statute of limitations from prosecuting Mr. Wright for submitting the false Buddy Statements in 2009 because Mr. Wright aided and abetted the VA when it relied on the false Buddy Statements in awarding him veteran's benefits in 2011. The Government's theory is flawed for two reasons. First, Mr. Wright is not charged with aiding and abetting in violation 18 U.S.C. § 2. Second, in order to charge Mr. Wright with aiding and abetting, it would have to be alleged that by deciding to grant benefits to Mr. Wright, the VA committed a criminal offense. Surely, the VA did not commit a criminal offense by adjudicating Mr. Wright's benefit's claim in 2011.

Nor is the Government's attempt to compare aggravated identity theft to the crimes of wire fraud or mail fraud persuasive. The crime charged in Count 12 is aggravated identity theft, not wire fraud or mail fraud, and the limitations period for charging Mr. Wright with aggravated identity theft cannot be extended on the ground that Mr. Wright allegedly sent later mailings unrelated to the 2009 Buddy Statements in an attempt to obtain benefits from the Government.

Although engaging in a continuing scheme to defraud may be the actus reus relevant to the wire and mail fraud statutes, the actus reus relevant to the aggravated identity theft statute is the fraudulent use of another's means of identification.  The Government seems to concede that even when an individual is charged with wire or mail fraud, the statute of limitations begins to run when the final mailing in furtherance of the scheme is sent.  See United States v. McDonald, 576 F.2d 150, 1357-58 (9th Cir. 1978).  By the same reasoning, the statute of limitations on aggravated identity theft when must begin to run from the last time that the means of identification is used.  The last time that Mr. Wright used the means identification in question was October 3, 2009.  Consequently, the statute of limitations began to run on that day.

## II.   CONCLUSION

Based on the foregoing reasons and the reasons set forth in Mr. Wright's initial motion, the defense respectfully requests that the Court dismiss Count 12 of the Superseding Indictment.

DATED this 6th day of November, 2015.

Respectfully submitted,

BLACK LAW, PLLC


s/ Christopher Black
Christopher Black
Attorney for Darryl Wright
Black Law, PLLC
1111 Hoge Building
705 Second Avenue
Seattle, WA  98104
Phone:        206.623.1604
Fax:            206.658.2401
Email:         crb@crblack.com

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served on the below-noted date, via the CM/ECF system, upon the parties required to be served in this action.

DATED this 6th day of November, 2015.

Respectfully submitted,

BLACK LAW, PLLC

<u>s/ Christopher Black</u>
Christopher Black
Attorney for Darryl Wright
Black Law, PLLC
1111 Hoge Building
705 Second Avenue
Seattle, WA  98104
Phone:      206.623.1604
Fax:          206.658.2401
Email:       crb@crblack.com