UNITED STATES DISTRICT COURT
WESTERN DISCTRICT OF WASHINGTON
AT TACOMA

| UNITED STATES OF AMERICA<br>Plaintiff<br>v.<br>KAREN M. BEVENS (aka KAREN WRIGHT).<br>Defendant | NO. CR 14-5539 BHS<br><br>Defendant Karen Wright's Trial Brief<br><br>Trial Date: 3/29/16 |
|---|---|

## Introduction

Karen Bevens, who goes by the name Karen Wright, is the sole defendant in this case. Her brother Darryl entered a guilty plea several weeks ago and is pending sentencing. Trial should last roughly 2 weeks.

## Facts

The 9/16/15 Superseding Indictment lists two defendants – Darryl Wright and his sister Karen Wright. The Government accused Darryl Wright of defrauding the Social Security Administration ("SSA"), the Veteran's Administration ("VA"), and other agencies by seeking disability benefits for which he was not qualified. The Government claims that Karen Wright assisted him by in this fraud. The Government further claims that Karen Wright fraudulently participated in the VA

Karen Wright's Trial Brief- 1

Caregiver Program, by receiving roughly $2,000 a month to care for her brother, beginning in early 2012 (when she was approved), but did little or no work. Thus, the case against Karen may be divided into 3 categories: (a) helping Darryl defraud SSA so that Darryl could receive SSA benefits; (b) helping Darryl defraud the VA so that Darryl could receive VA benefits; and (c) engaging in her own fraud with Darryl so that she could receive VA Caregiver benefits.

The Social Security Counts against Karen Wright appear in Count 2 (wire fraud relating to communication from SSA to Darryl Wright relating to $1,979 payment to Darryl Wright on 12/19/12) and Count 4 (wire fraud relating to communication from SSA to Darryl Wright relating to $1,589 payment to Darryl Wright on 1/16/13). The facts will show that Darryl submitted thousands of pages of materials to the SSA, either on his own or via medical records transmitted to the SSA from his doctors (mostly of whom are at the VA). Karen's purported involvement is minimal.

The VA Disability Count appears in Count 9 (mail fraud relating to 4/25/14 communication from VA advising of approval of Darryl Wright's request for disability rating increase). The facts will show that Darryl submitted thousands more pages to the VA in the same manner above. Included in these submissions by Darryl are pages and pages of forged documents by him in the name of others (i.e. friends). Again, Karen's purported involvement in this fraud is minimal.

PHIL BRENNAN, Esq.
422 Yale Ave N. Ste B
Seattle, WA 98109
(206) 372-5881

The Caregiver Count appears in Count 3 (wire fraud transmittal from VA Caregiver program of $10,836.54 to bank account controlled by both defendants on 5/31/12). This payment covered her caregiving for roughly the first 5 months of 2012. Karen participated in this program from early 2012 until the end of 2014. The Government claims she did little or no work. Our evidence will be to the contrary.

**Discussion**

A.   **Mail and Wire Fraud Generally**

Mail fraud requires the Government to prove: (a) a scheme to obtain money by fraudulent means; (b) materiality; (c) intent; and (d) and use of the mails to further the scheme. See 18 USC 1341; 9th Circuit Model Instruction 8.121. The wire fraud statute is virtually identical, with the use of the wires being substituted for the use of the mail. See 9th Circuit Model Instructions 8.124; US v. Sullivan, 522 F.3d 967, 974 (9th Cir. 2008).

Materiality is "the natural tendency to influence or is capable of influencing" the victim to part with money. See 9th Circuit Instruction 8.121; US v. Jenkins, 633 F.3d 788, 802 (9th Cir. 2011). To show intent, the Government must show "some actual harm or injury was contemplated by the schemer." US v. Regent Office Supply Co., 421 F.2d 1174, 1180 (2nd Cir. 1970). Thus, false representations which are not directed to the overall scheme are not actionable. Regent, 421 F.2d at 1174 (even though defendant used false pretenses to obtain access to customers, they honestly portrayed the price/quality of goods and therefore did not engage in a

scheme to defraud for mail fraud); US v. D'Amato, 39 F.3d 1239 (2nd Cir. 1994) (""[m]isrepresentations amounting only to a deceit are insufficient to maintain a mail or wire fraud prosecution….. Instead, the deceit must be coupled with a contemplated harm to the victim.") (citations omitted).

Good faith, or the absence of an intent to defraud, is a complete defense.  See US v. Beercroft, 608 F.2d 753, 757 (9th Cir. 1979); Walters v. US, 256 F.2d 840, 842-43 (9th Cir. 1958); US v. Dunn, 961 F.2d 648 (7th Cir. 1992) ("The good faith defense requires 'a genuine belief that the information being sent or given is true.'). Stated differently, "the lack of fraudulent intent [is] … a defense to [mail and wire fraud." US v. Cederquist, 641 F.2d 1347, 1351 (9th Cir. 1981).  The defendant may present evidence of communications with others showing no intent to defraud.  See Miller v. US, 120 F.2d 968 (10th Cir. 1941).

### B.     Request Regarding Government Witnesses

The Government lists roughly 50 witnesses for trial, some of whom may be removed as the parties confer and stipulate as to various matters (i.e. authentication, etc.).  For each witness the Government will call at trial, we ask that it provide – as best it can – an estimate as to what day that witness will be called.  Forty-eight hours advance notice would be appreciated, although we can live with less, and understand trials evolve as the evidence proceeds.  Such advance notice helps us do a more efficient cross-examination, and for those witnesses appearing on both witness lists, allows us to question them on cross and release them from returning to Court for our

PHIL BRENNAN, Esq.
422 Yale Ave N. Ste B
Seattle, WA 98109
(206) 372-5881

case in chief.  We spoke with the Government at the pretrial conference on this matter, and anticipate reaching agreement on this topic.

Respectfully submitted this date.

By: /s/_____
PHIL BRENNAN, WSBA #25711*
Attorney for Karen Wright; Date:  3/21/16

*Certificate of Delivery
I certify under penalty of perjury that today I filed this document on ECF.