Judge Benjamin H. Settle

# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff <br><br> v. <br><br> KAREN WRIGHT <br><br> Defendant. | NO. CR14-5539BHS <br><br> **PLEA AGREEMENT** |

The United States of America, by and through Annette L. Hayes, United States Attorney for the Western District of Washington, and David R. Jennings and James D. Oesterle, Assistant United States Attorneys for said District, Karen Wright and her attorney, Philip Brennan, enter into the following Agreement, pursuant to Federal Rule of Criminal Procedure 11(c)(1):

1.  **The Charge**. Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enters a plea of guilty to the following charge contained in the Superseding Information.

    a. False Certificate or Writing, as charged in Count One of the Superseding Information, in violation of Title 18, United States Code, Sections 1018 and 2.

*United States v. Karen Wright*, CR14-5539
PLEA AGREEMENT - 1

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

By entering a plea of guilty, Defendant hereby waives all objections to the form of the charging document. Defendant further understands that before entering her guilty plea, she will be placed under oath. Any statement given by Defendant under oath may be used by the United States in a prosecution for perjury or false statement.

2. **Elements of the Offense**. The elements of the offense of making, or causing to be made, a false statement in a certificate or writing to which Defendant is pleading guilty are as follows:

    a.    The Defendant knowingly made and delivered, or caused to be made and delivered,

    b.    A certificate or other writing containing a false statement, and

    c.    The certificate or other writing was made by a public officer or other person authorized to make or give the certificate or other writing.

3. **The Penalties**. Defendant understands that the statutory penalties applicable to the offense to which she is pleading guilty are as follows:

    a.    For the offense of making and delivering, or causing to make and deliver, a false certificate or writing, as charged in Count One of the Superseding Information: A maximum term of imprisonment of up to one year, a fine of up to One Hundred Thousand Dollars ($100,000), a period of supervision following release from prison of up to one year, and a mandatory special assessment of Twenty-Five Dollars ($25). If a probationary sentence is imposed, the probation period can be for up to five (5) years. Defendant agrees that the special assessment shall be paid at or before the time of sentencing.

Defendant understands that supervised release is a period of time following imprisonment during which she will be subject to certain restrictive conditions and requirements. Defendant further understands that if supervised release is imposed and she violates one or more of the conditions or requirements, Defendant could be returned to prison for all or part of the term of supervised release that was originally imposed.

*United States v. Karen Wright*, CR14-5539
PLEA AGREEMENT - 2

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

This could result in Defendant's serving a total term of imprisonment greater than the statutory maximum stated above.

Defendant understands that as a part of any sentence, in addition to any term of imprisonment and/or fine that is imposed, the Court may order Defendant to pay restitution to any victim of the offense, as required by law.

Defendant agrees that any monetary penalty the Court imposes, including the special assessment, fine, costs, or restitution, is due and payable immediately and further agrees to submit a completed Financial Statement of Debtor form as requested by the United States Attorney's Office.

4. **Rights Waived by Pleading Guilty.** Defendant understands that by pleading guilty, she knowingly and voluntarily waives the following rights:

   a. The right to plead not guilty and to persist in a plea of not guilty;

   b. The right to a speedy and public trial before a jury of his or her (4) peers;

   c. The right to the effective assistance of counsel at trial, including, if Defendant could not afford an attorney, the right to have the Court appoint one for her;

   d. The right to be presumed innocent until guilt has been established beyond a reasonable doubt at trial;

   e. The right to confront and cross-examine witnesses against Defendant at trial;

   f. The right to compel or subpoena witnesses to appear on her behalf at trial;

   g. The right to testify or to remain silent at trial, at which trial such silence could not be used against Defendant; and

   h. The right to appeal a finding of guilt or any pretrial rulings.

5. **Ultimate Sentence.** Defendant acknowledges that no one has promised or guaranteed what sentence the Court will impose.

*United States v. Karen Wright*, CR14-5539
PLEA AGREEMENT - 3

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

6.  **Restitution.** Defendant shall make restitution to the United States Department of Veterans Affairs in an amount to be determined at the time of sentencing with that amount representing the value of caretaker benefits fraudulently obtained by the Defendant. The parties agree, however, that the amount of restitution shall be no more than Eighty-Two Thousand Dollars ($82,000) and no less than Forty Thousand Dollars ($40,000). Said amount, as determined by the court, shall be due and payable immediately and shall be paid in accordance with a schedule of payments as proposed by the United States Probation Office and ordered by the Court.

7.  **Sentencing Considerations.** The parties agree that the following Sentencing Guideline provision should apply in this case:

| | | |
|---|---|---|
| Base Offense Level: | USSG §2B1.1(a)(2) | 6 |
| Loss Amount: [loss amount more than $40,000 but less than $95,000] | USSG §2B1.1(b)(1)(D) | 6 |
| Acceptance of Responsibility | | [2] |
| TOTAL ADJUSTED OFFENSE LEVEL | | 10 |

The government agrees that the applicable guideline range falls in Zone B of the Sentencing Table, thereby authorizing Defendant to advocate for a probationary sentence. Defendant acknowledges that the government may advocate for a sentence that includes a term of imprisonment consistent with the applicable guideline range.

Defendant understands, however, that at the time of sentencing, the Court is free to reject these stipulated adjustments, and is further free to apply additional downward or upward adjustments in determining Defendant's Sentencing Guidelines range.

8.  **Statement of Facts.** The parties agree on the following facts. Defendant admits she is guilty of the charged offense or offenses:

    a.  Karen Wright participated as a caregiver in the United States Department of Veterans Affairs (VA) Caregiver Support Program as the primary in-home caregiver for her brother Darryl Wright. She was paid on a monthly basis for care at a Tier III level, which approximated 40 hours of in-home support care.

*United States v. Karen Wright*, CR14-5539
PLEA AGREEMENT - 4

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

        b.        Between September 4, 2013, and November 5, 2013, defendant Karen Wright was at various times, traveling in Europe, incapacitated by an automobile accident, and taking narcotic pain killers for injuries resulting from the automobile accident. For these reasons, Karen Wright was unavailable during this time period to provide the authorized care for which she had been contracted.

        c.        On November 4, 2013, defendant Karen Wright met with Dr. Bambara in Darryl Wright's home. Dr. Bambara was authorized by law, through her appointment with the VA, to conduct home visits to assess both the caretaker and the veteran. During the November 4, 2013 meeting with Dr. Bambara, defendant Karen Wright concealed that she had been unavailable and that she had provided little or no in-home care since her last meeting with Dr. Bambara on September 4, 2013. In response to questions about the veteran's daily structure and daily activities, defendant Karen Wright provided information that falsely implied that she had been present and had observed first-hand the activities, when in truth and fact she had not. She answered other questions about the veteran's self-efficacy, about his personal decision making, and other categories as though she had been present and observed these things, when in fact she had not.

        d.        The information provided by Karen Wright to Dr. Bambara was included in an official document, which became part of Darryl Wright's medical records. Karen Wright knew and understood that Dr. Bambara was including her answers in a form used by the VA for in-home mental health assessments.

9.        **United States Sentencing Guidelines**. Defendant understands and acknowledges that the Court must consider the sentencing range calculated under the United States Sentencing Guidelines and possible departures under the Sentencing Guidelines together with the other factors set forth in Title 18, United States Code, Section 3553(a), including: (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect the public from further crimes of the defendant; (6) the need to provide the defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the need to

*United States v. Karen Wright*, CR14-5539
PLEA AGREEMENT - 5

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

avoid unwarranted sentence disparity among defendants involved in similar conduct who have similar records. Accordingly, Defendant understands and acknowledges that:

    a.    The Court will determine applicable Defendant's Sentencing Guidelines range at the time of sentencing;

    b.    After consideration of the Sentencing Guidelines and the factors in 18 U.S.C. 3553(a), the Court may impose any sentence authorized by law, up to the maximum term authorized by law;

    c.    The Court is not bound by any recommendation regarding the sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines range offered by the parties or the United States Probation Department, or by any stipulations or agreements between the parties in this Plea Agreement; and

    d.    Defendant may not withdraw her guilty plea solely because of the sentence imposed by the Court.

10. **Acceptance of Responsibility.** At sentencing, *if* the district court concludes Defendant qualifies for a downward adjustment acceptance for acceptance of responsibility pursuant to USSG § 3E1.1(a) her total offense level should be decreased by two (2) levels because Defendant has demonstrated acceptance of responsibility for the offense charged in the Superseding Information.

11. **Non-Prosecution of Additional Offenses**. As part of this Plea Agreement, the United States Attorney's Office for the Western District of Washington agrees not to prosecute Defendant for any additional offenses known to it as of the time of this Agreement that are based upon evidence in its possession at this time, and that arise out of the conduct giving rise to this investigation, and to move to dismiss the remaining counts in the superseding indictment at the time of sentencing.

In this regard, Defendant recognizes the United States has agreed not to prosecute all of the criminal charges the evidence establishes were committed by Defendant solely because of the promises made by Defendant in this Agreement. Defendant agrees, however, that for purposes of preparing the Presentence Report, the United States

*United States v. Karen Wright*, CR14-5539
PLEA AGREEMENT - 6

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Attorney's Office will provide the United States Probation Office with evidence of all conduct committed by Defendant.

Defendant agrees that any charges to be dismissed before or at the time of sentencing were substantially justified in light of the evidence available to the United States, were not vexatious, frivolous or taken in bad faith, and do not provide Defendant with a basis for any future claims under the "Hyde Amendment," Pub.L. No. 105-119 (1997).

12. **Breach, Waiver, and Post-Plea Conduct.** Defendant agrees that if Defendant breaches this Plea Agreement, the United States may withdraw from this Plea Agreement and Defendant may be prosecuted for all offenses for which the United States has evidence. Defendant agrees not to oppose any steps taken by the United States to nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea Agreement. Defendant also agrees that if Defendant is in breach of this Plea Agreement, Defendant has waived any objection to the re-institution of any charges in the Indictment that were previously dismissed or any additional charges that had not been prosecuted.

Defendant further understands that if, after the date of this Agreement, Defendant should engage in illegal conduct, or conduct that violates any conditions of release or the conditions of his confinement, (examples of which include, but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the Pretrial Services Officer, Probation Officer, or Court), the United States is free under this Agreement to file additional charges against Defendant or to seek a sentence that takes such conduct into consideration by requesting the Court to apply additional adjustments or enhancements in its Sentencing Guidelines calculations in order to increase the applicable advisory Guidelines range, and/or by seeking an upward departure or variance from the calculated advisory Guidelines range. Under these circumstances, the United States is free to seek such adjustments, enhancements, departures, and/or variances even if otherwise precluded by the terms of the plea agreement.

*United States v. Karen Wright*, CR14-5539
PLEA AGREEMENT - 7

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

13. **Waiver of Appellate Rights and Rights to Collateral Attacks.** Defendant acknowledges that by entering the guilty plea(s) required by this plea agreement, Defendant waives all rights to appeal from her conviction and any pretrial rulings of the court. Defendant further agrees that, provided the court imposes a custodial sentence that is within or below the Sentencing Guidelines range (or the statutory mandatory minimum, if greater than the Guidelines range) as determined by the court at the time of sentencing, Defendant waives to the full extent of the law:

a. Any right conferred by Title 18, United States Code, Section 3742, to challenge, on direct appeal, the sentence imposed by the court, including any fine, restitution order, probation or supervised release conditions, or forfeiture order (if applicable); and

b. Any right to bring a collateral attack against the conviction and sentence, including any restitution order imposed, except as it may relate to the effectiveness of legal representation; and

This waiver does not preclude Defendant from bringing an appropriate motion pursuant to 28 U.S.C. § 2241, to address the conditions of [HIS OR HER] confinement or the decisions of the Bureau of Prisons regarding the execution of [HIS OR HER] sentence.

If Defendant breaches this Plea Agreement at any time by appealing or collaterally attacking (except as to effectiveness of legal representation) the conviction or sentence in any way, the United States may prosecute Defendant for any counts, including those with mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea Agreement.

14. **Voluntariness of Plea.** Defendant agrees that she has entered into this Plea Agreement freely and voluntarily and that no threats or promises, other than the promises contained in this Plea Agreement, were made to induce Defendant to enter her plea of guilty.

*United States v. Karen Wright*, CR14-5539
PLEA AGREEMENT - 8

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

15. **Statute of Limitations.** In the event this Agreement is not accepted by the Court for any reason, or Defendant has breached any of the terms of this Plea Agreement, the statute of limitations shall be deemed to have been tolled from the date of the Plea Agreement to: (1) thirty (30) days following the date of non-acceptance of the Plea Agreement by the Court; or (2) thirty (30) days following the date on which a breach of the Plea Agreement by Defendant is discovered by the United States Attorney's Office.

16. **Completeness of Agreement.** The United States and Defendant acknowledge that these terms constitute the entire Plea Agreement between the parties. This Agreement binds only the United States Attorney's Office for the Western District of Washington. It does not bind any other United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor.

Dated this 2 day of May, 2016.

KAREN WRIGHT
Defendant

PHILIP BRENNAN
Attorney for Defendant

DAVID R. JENNINGS
Assistant United States Attorney

JAMES D. OESTERLE
Assistant United States Attorney

United States v. Karen Wright, CR14-5539
PLEA AGREEMENT - 9

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970