The Honorable Benjamin H. Settle

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| UNITED STATES OF AMERICA, | NO. CR14-5539BHS |
| Plaintiff, | |
| | NOTICE REGARDING  USE OF TESTIMONY AND EVIDENCE PRESENTED IN TRIAL OF CODEFENDANT |
| v. | |
| DARRYL LEE WRIGHT, and KAREN WRIGHT (AKA KAREN BEVENS), | |
| Defendants. | |

Comes now the United States, by and through the undersigned Assistant United States Attorneys, and files this Notice regarding its intent to have the Court consider and rely upon, at the sentencing of Defendant DARRYL LEE WRIGHT, the testimony and evidence elicited at the trial of codefendant Karen Wright.   Defendant Karen Wright went to trial in April 2016, during which the United States called 33 witnesses and presented more than 50 exhibits.  Although defendant DARRYL WRIGHT and his counsel were not present for the trial, they received copies of the transcripts of the testimony at trial.  Copies of the exhibits introduced at Karen Wright's trial may be accessed at Docket Entry 161.

NOTICE RE TRIAL TESTIMONY AND EVIDENCE - 1
*U.S. v. Wright, et al*, CR14-5539BHS

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1      **Background**

2      Defendants DARRYL LEE WRIGHT, Karen Wright, and others engaged in a

3      scheme to defraud federal and state agencies of benefits, awards, accommodations and

4      special treatment.  The core of the scheme was a series of false statements made by

5      DARRYL WRIGHT to the Army to fraudulently obtain a "Combat Action Badge" and

6      later a "Purple Heart" medal.  DARRYL WRIGHT then used his undeserved Purple

7      Heart to bolster a series of exaggerated and fabricated claims about his disability.

8      DARRYL WRIGHT pleaded guilty to two counts of the scheme and is scheduled

9      for sentencing on August 17, 2016.   Karen Wright elected instead to have a jury trial.

10     Her trial began on March 29, 2016, and continued until April 17, 2016.  Since Karen

11     Wright and DARRYL WRIGHT were charged with participating in the same scheme, the

12     evidence and testimony presented at Karen Wright's trial was identical to the evidence

13     that would have been presented against DARRYL WRIGHT.  As the days of trial turned

14     into weeks, the court reporter provided draft copies of the trial transcripts to DARRYL

15     WRIGHT's defense counsel.  This allowed DARRYL WRIGHT's counsel to eschew

16     having to personally attend the trial.  Ultimately, Karen Wright's trial resulted in the

17     declaration of a mistrial (hung jury), but Karen Wright subsequently entered a guilty plea.

18     She too will be sentenced on August 17, 2016.

19     **Supporting Authority**

20     A district court is entitled to consider a wide variety of information at sentencing,

21     including information that could not otherwise be considered at trial. Title 18, United

22     States Code, Section 3661 ("No limitation" shall be placed on information a district court

23     may receive and consider in determining the appropriate sentence); *Pepper v. United*

24     *States,* 562 U.S. 476, 488 (2011) (district court is entitled to "widest possible breadth" of

25     information informing sentencing decision); *United States v. Vanderwerfhorst*, 576 F.3d

26     929, 935 (9th Cir. 2009) (same).  This includes hearsay evidence, as the rules of evidence

27     do not strictly apply at sentencing. Fed. R. Evid. 1101(d)(3); *Nichols v. United States*,

28     511 U.S. 738, 747 (1994) (hearsay evidence relating to unproved conduct may be

NOTICE RE TRIAL TESTIMONY AND EVIDENCE - 2
*U.S. v. Wright, et al*, CR14-5539BHS

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1  considered by district court at sentencing); *Williams v. New York*, 337 U.S. 241, 246

2  (1949) (admission of hearsay evidence at sentencing does not violate due process).

3  Similarly, the right to confront testimonial witnesses under *Crawford v. Washington*, 541

4  U.S. 36, 68-69 (2004), does not apply at sentencing. *United States v. Littlesun*, 444 F.3d

5  1196, 1199 (9th Cir. 2006).

6       Due process requires that a defendant not be sentenced on the basis of mistaken

7  facts or unfounded assumptions. *Roberts v. United States*, 445 U.S. 552, 563 (1980) (J.

8  Brennan concurring); *Townsend v. Burke*, 334 U.S. 736, 740-41 (1948); *United States v.*

9  *Berry*, 258 F.3d 971, 976 (9th Cir. 2001); *United States v. Littlesun*, 444 F.3d 1196, 1199

10  (9th Cir. 2006) (citing *Berry, supra*, requiring only that testimony be accompanied by

11  some minimal indicia of reliability). To amount to a violation of due process, a

12  defendant must prove that the sentencing court relied on information that was (1) either

13  false or unreliable, ***and*** (2) that the information was demonstrably the basis for the

14  sentence. *Vanderwerfhorst*, 576 F.3d 929, 935-36 (9th Cir. 2009)*; United States v.*

15  *Ibarra*, 737 F.2d 825, 827 (9th Cir. 1984). Challenged information is deemed false or

16  unreliable if it lacks "some minimal indicium of reliability beyond mere allegation."

17  *Ibarra*, 737 F.2d at 827. *See also United States v. Felix*, 561 F.3d 1036, 1042 (9th Cir.

18  2009) (information may be considered so long as it "has sufficient indicia of reliability to

19  support its probable accuracy").

20       There are, however, situations where testimony is unreliable. For example, in

21  *United States v. McGowan*, 668 F.3d 601, 607 (9th Cir. 2012), the district court enhanced

22  the defendant's sentence by relying on the report of a statement made by a prison inmate

23  witness, and a transcript of the same inmate's testimony from the trial of a third person.

24  The sentencing judge had no opportunity to actually observe the witness, and the

25  defendant had no opportunity to cross-examine him. *Id.* The Ninth Circuit held that

26  these circumstances rendered the information unreliable. *Id.* at 608. Because it was clear

27  from the record that the sentencing judge had relied on the information in determining the

28  defendant's sentence, the court reversed. *Id. See also United States v. Hanna*, 49 F.3d

NOTICE RE TRIAL TESTIMONY AND EVIDENCE - 3
*U.S. v. Wright, et al*, CR14-5539BHS

1   572, 577-78 (due process required reversal of sentence that relied on testimony supplied

2   by witness who implicated defendant on direct examination but invoked his Fifth

3   Amendment privilege to avoid answering questions by defendant's counsel on cross-

4   examination).

5          The Seventh Circuit directly addressed the issue of considering the testimony from

6   the trial of a codefendant in *United States v. Morales*, 994 F.2d 386, 389 (7th Cir. 1993).

7   In *Morales,* a codefendant was tried before the same judge who ultimately sentenced

8   defendant Morales, and the evidence from trial was clear in the judge's mind at Morales'

9   sentencing hearing.  Morales argued on appeal that the judge improperly sentenced him

10  on the basis of evidence presented at a trial to which Morales was not a party.  Morales

11  argued that neither he, nor his lawyer, was present at the trial, and the other defendants

12  may have tried (though unsuccessfully) to obtain an acquittal by "trying the empty chair"

13  – shifting all the blame to Morales, who was not there to defend himself.  Nonetheless,

14  the Seventh Circuit ultimately found no harm in the sentencing judge's reliance on

15  evidence introduced at the trial of Morales' codefendant.  Though hearsay as to Morales

16  under Fed. R. Evid. 804(b)(1), it was appropriate to consider the evidence from the

17  codefendant's trial so long as doing so did not amount to unfair surprise.  *Id.*  The

18  Seventh Circuit noted, however, that the preferable procedure would have been for the

19  defense to have copies of the transcript of trial.  Having the transcripts, the defense then

20  should have pointed to those portions that were inaccurate or otherwise inappropriate for

21  consideration in the sentencing hearing.  *Id.*

22         The Ninth Circuit arrived at the same place in *United States v. Jose Manuel Pinto*,

23  48 F.3d 384, 390 (9th Cir. 1995).   Defendant Pinto objected to the sentencing court's

24  consideration of evidence about the weight of drugs that had been introduced at the trial

25  of Pinto's codefendant.  *Id.*  In rejecting Pinto's argument, the Ninth Circuit noted that it

26  had previously held that there was sufficient notice to a defendant at sentencing when

27  evidence introduced at trial of a codefendant is included in the complaining defendant's

28  presentence report.  *Id., citing United States v. Notrangelo*, 909 F.2d 363, 364-66 (9th

NOTICE RE TRIAL TESTIMONY AND EVIDENCE - 4
*U.S. v. Wright, et al*, CR14-5539BHS

Cir. 1990).   However, in *Pinto*, the facts from the codefendant's trial were not included in the presentence report (because the evidence was not yet available when the report was drafted).   The Ninth Circuit nonetheless rejected Pinto's claims, because the judge postponed his final ruling for three weeks after the evidence was first elicited at Pinto's sentencing hearing.   Three weeks was sufficient time for defendant Pinto to object and prove the evidence was unreliable.   Finally, with regard to certain evidence that the sentencing judge recalled from the codefendant's trial – evidence that was not elicited in Pinto's first sentencing hearing, was not included in Pinto's presentence report, and to which Pinto failed to object – the Ninth Circuit found no error.   Since the prosecution and the judge made it sufficiently clear that the information came from the trial of Pinto's codefendants, and because defendant Pinto made no objection to the items and pointed to no reason to question their truth, there was no plain error.   *Pinto*, 48 F.3d at 390.

In the instant case, Defendant DARRYL WRIGHT admitted in his plea agreement to devising a scheme with his sister Karen Wright.   What's more, DARRYL WRIGHT has had copies of the codefendant's trial transcripts, and access to the government's exhibits, for months.   Finally, nearly all the evidence presented by the United States at Karen Wright's trial has been included in DARRYL WRIGHT's draft Presentence Report.   DARRYL WRIGHT has therefore had abundant time and opportunity to object to the testimony and evidence from the trial of Karen Wright.

**Conclusion**

Except for the testimony of Karen Wright, the members of the Wright/Bevens family, and perhaps one other witness (Mr. Prenesti), the witnesses who testified at trial were truthful, without bias, and would have testified the same had DARRYL WRIGHT

//

//

//

NOTICE RE TRIAL TESTIMONY AND EVIDENCE - 5
*U.S. v. Wright, et al*, CR14-5539BHS

1   been on trial with his sister.  Consequently, DARRYL WRIGHT now has an obligation to

2   show that the testimony was inaccurate or otherwise somehow inappropriate for the

3   Court's consideration at his sentencing hearing.

4          DATED this 19th day of July, 2016.

5

6                                          Respectfully submitted,

7                                          ANNETTE L. HAYES

8                                          United States Attorney

9                                          *s/David Reese Jennings*

10                                         DAVID REESE JENNINGS

11                                         GREGORY A. GRUBER

                                           Assistant United States Attorneys

12                                         United States Attorney's Office

13                                         1201 Pacific Avenue, Suite 700

                                           Tacoma, Washington 98402

14                                         Telephone: (253) 428-3800

15                                         Facsimile: (253) 428-3826

                                           E-mail: David.R.Jennings@usdoj.gov

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE RE TRIAL TESTIMONY AND EVIDENCE - 6
*U.S. v. Wright, et al*, CR14-5539BHS

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

## CERTIFICATE OF SERVICE

I hereby certify that on July 19, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the attorney of record for the defendant.

*s/Jennifer Shauberger*
JENNIFER SHAUBERGER
Legal Assistant
United States Attorney's Office
1201 Pacific Avenue, Suite 700
Tacoma, Washington 98402
Phone: 253-428-3800
FAX: 253-428-3826
Email:  Jennifer.shauberger@usdoj.gov

NOTICE RE TRIAL TESTIMONY AND EVIDENCE - 7
*U.S. v. Wright, et al*, CR14-5539BHS

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800