The Honorable Benjamin H. Settle

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>       v.<br><br>DARRYL WRIGHT,<br><br>       Defendant. | No. CR14-5539 BHS<br><br>DEFENDANT'S RESPONSE TO GOVERNMENT'S MOTION FOR COMPETENCY AND SANITY EXAMINATION |

Defendant Darryl Wright, by his attorney, Christopher Black, submits the following response in opposition to the Government's motion to compel Mr. Wright to undergo a psychological evaluation to determine his competency and sanity prior to sentencing. For the reasons set forth below, the Court should deny the Government's motion.

I.     **FACTUAL AND PROCEDURAL BACKGROUND**

The Government began investigating Darryl Wright in 2012, and has gathered thousands of pages of records and interviewed dozens of people about him. This information encompassed multiple psychological evaluations that Mr. Wright previously underwent. The Government obtained an indictment against Mr. Wright in November, 2014, and Mr. Wright made his initial appearance in the case in January, 2015. Mr. Wright entered a guilty plea in

DEFENDANT'S RESPONSE TO GOVERNMENT'S
MOTION FOR COMPETENCY AND SANITY
EXAMINATION (*Darryl Wright*; No. CR14-5539
BHS) - 1

BLACK LAW, PLLC
1111 Hoge Building, 705 Second Avenue
Seattle, WA  98104
206.623.1604 | Fax:  206.658.2401

February, 2016.  Mr. Wright's sister/co-defendant proceeded to trial in April of 2016.  The bulk of the evidence at this trial concerned Mr. Wright.

At no point prior to Mr. Wright's sentencing did any of the information the Government had gathered cause the Government to raise a concern about Mr. Wright's sanity or competency.  Instead, the Government's concern arises solely from an evaluation prepared by Dr. Sheppard Salusky in advance of Mr. Wright's sentencing, and in particular a single section of the report.  This section provides:

> The histrionic elements may have acted to facilitate the offense conduct. Those who experience this condition engage in psychological denial and repression to experience the world as pleasant. In concrete terms, his psychological condition distorted actual circumstances enough for him to believe it was acceptable to falsify documents to support what he thought was true. The condition would also prevent him from recognizing the likely consequences of falsified documents. This of course does not explain offense conduct related to his sister.

Dkt. No 196-5, at p. 10.  The Government describes these statements thusly: "Dr. Salusky's report takes the psychologist's opinions and conclusions to where they conflict with the medical/legal standards for competency to stand trial, competency to assist counsel, and even for sanity." Government Motion, Dkt. No. 201 at p. 2.

The defense submitted Dr. Salusky's report in mitigation of Mr. Wright's sentence.  The defense has never raised an insanity defense and has never raised a concern about Mr. Wright's competency to stand trial or be sentenced.  Undersigned counsel has consulted with Dr. Salusky since the last hearing in this case, when the Government first voiced its concerns about whether Dr. Salusky's report potentially implicated Mr. Wright's sanity.  Dr. Salusky indicated that he did not intend to question Mr. Wright's sanity and does not believe that his report supports such a diagnosis.  Dr. Salusky would be able to prepare an additional report clarifying his comments, and explaining why they serve as mitigation rather than support an insanity defense.

DEFENDANT'S RESPONSE TO GOVERNMENT'S
MOTION FOR COMPETENCY AND SANITY
EXAMINATION (*Darryl Wright*; No. CR14-5539
BHS) - 2

Black Law, PLLC
1111 Hoge Building, 705 Second Avenue
Seattle, WA  98104
206.623.1604 | Fax:  206.658.2401

## II. ARGUMENT

The Court should deny the Government's motion because there is no factual basis to compel a competency evaluation and no legal basis to compel a sanity evaluation. If the Court does decide to order an evaluation, the Court should simply order that it be completed and should not order that Mr. Wright be committed.

### A. Competency

18 U.S.C. § 4241 sets forth the standards and procedures pertaining to determination of a defendant's competency. The statute provides that either party can move for a hearing to determine a defendant's competency at any time prior to sentencing, and that a court can likewise order such a hearing on its own motion. 18 U.S.C. § 4241(a). The statute further provides that the court shall grant the motion "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." Id. If the court orders that such a hearing be held, the court "may order that a psychiatric or psychological examination of the defendant be conducted, and that a psychiatric or psychological report be filed with the court, pursuant to the provisions of section 4247(b) and (c)." 18 U.S.C. § 4241(b).

In this case, there is no factual basis for the Court to order that a competency hearing be held or to compel Mr. Wright to undergo an evaluation to determine his competency. Contrary to the Government's description of Dr. Salusky's evaluation of Mr. Wright, the defense submits that nothing in the report comes close to questioning Mr. Wright's competency, in particular his ability "to understand the nature and consequences of the proceedings against him or to assist properly in his defense." See 18 U.S.C. § 4241(a). The defense agrees that, out of context, the

DEFENDANT'S RESPONSE TO GOVERNMENT'S
MOTION FOR COMPETENCY AND SANITY
EXAMINATION (*Darryl Wright*; No. CR14-5539
BHS) - 3

BLACK LAW, PLLC
1111 Hoge Building, 705 Second Avenue
Seattle, WA  98104
206.623.1604 | Fax:  206.658.2401

statements in the report do bear on issues relative to an insanity defense, but they are a far cry from implicating Mr. Wright's competency. Further, while the defense believes that Mr. Wright suffers from numerous psychological problems and that these issues impact his culpability, and has previously expounded on such at length, we have not proposed that these issues in any way impact Mr. Wright's competency. Nothing anywhere in the record supports a finding that Mr. Wright is not able to understand the charges or to assist counsel. The bar for competency is not high, and Mr. Wright is nowhere close to it. Because no such facts exist, there is no "reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent." See id. For this reason, the Court should neither order that a competency hearing be held nor that Mr. Wright be compelled to undergo a competency evaluation.

**B. Sanity**

18 U.S.C. § 4242 sets forth the procedures pertaining to determination of a defendant's sanity. That statute provides, in relevant part:

> Upon the filing of a notice, as provided in Rule 12.2 of the Federal Rules of Criminal Procedure, that the defendant intends to rely on the defense of insanity, the court, upon motion of the attorney for the Government, shall order that a psychiatric or psychological examination of the defendant be conducted, and that a psychiatric or psychological report be filed with the court, pursuant to the provisions of section 4247(b) and (c).

18 U.S.C. § 4242(a).

The defense has never filed a notice under Fed. R. Crim. P. 12.2 that Mr. Wright intends to pursue the insanity defense. Indeed, Mr. Wright pleaded guilty. There is no insanity defense applicable to the sentencing phase of a criminal case. No other provisions of law authorize courts to compel an evaluation of a defendant's sanity. Because the defense is not pursuing an

DEFENDANT'S RESPONSE TO GOVERNMENT'S MOTION FOR COMPETENCY AND SANITY EXAMINATION (*Darryl Wright*; No. CR14-5539 BHS) - 4

BLACK LAW, PLLC
1111 Hoge Building, 705 Second Avenue
Seattle, WA 98104
206.623.1604 | Fax: 206.658.2401

insanity defense and has never provided the notice required to do so, there is no legal basis for the Court to order a psychological evaluation to determine Mr. Wright's sanity.

Despite the lack of authority to compel Mr. Wright to participate in a psychological evaluation, the defense has no objection to taking reasonable steps to clarify the relevant issues. The defense has not attempted to introduce a "casual insanity defense" or to muddy the waters regarding any legal issues. What the defense has done is provided the Court with substantial evidence that Mr. Wright has suffered, and continues to suffer, from numerous psychological conditions that have impacted his behavior. We have argued that this information should serve to mitigate Mr. Wright's sentence. This evidence includes a long history of psychological evaluations and neuropsychological testing, and also of course includes Dr. Salusky's evaluation. The defense believes that this information is crucial to the determination of a fair sentence, and the Court should consider it only in this context. As noted above, the defense would be happy to secure an addendum to Dr. Salusky's report to clarify any potential confusion about his diagnosis of Mr. Wright. The defense does not want the Court to consider Dr. Salusky's report in any manner other than that in which it was intended.

### C. Commitment

18 U.S.C. § 4247 sets forth the procedures governing how examinations for competency or sanity are to be conducted. See 18 U.S.C. § 4241(b), 18 U.S.C. § 4242(a). The statute provides that any such examination must be conducted by a licensed or certified psychiatrist or psychologist, who shall be designated by the court. 18 U.S.C. § 4247(b). The statute further provides that a court **may** commit a defendant for such an evaluation. Id. It does not direct courts to do so.

DEFENDANT'S RESPONSE TO GOVERNMENT'S MOTION FOR COMPETENCY AND SANITY EXAMINATION (*Darryl Wright*; No. CR14-5539 BHS) - 5

BLACK LAW, PLLC
1111 Hoge Building, 705 Second Avenue
Seattle, WA 98104
206.623.1604 | Fax: 206.658.2401

If the Court for any reason decides to order Mr. Wright to participate in a psychological evaluation, the Court should simply designate a licensed or certified psychiatrist or psychologist to conduct the examination. Mr. Wright can easily participate in such an evaluation while he is out of custody. While the statute permits the Court to commit Mr. Wright for the purposes of the examination, the Court should not do so. The Government has provided no basis for why such a drastic procedure is necessary here. Mr. Wright has been out of custody during the entire pendency of this case, over a year and half, and has been completely compliant with the terms of his appearance bond the entire time. There is simply no basis to believe that Mr. Wright could not or would not comply with the Court's order. Absent such a basis, if the Court does order that Mr. Wright be examined, the Court should simply designate an evaluator and order that Mr. Wright participate while out of custody. The Court should not order that Mr. Wright be committed for the purpose of the evaluation.

DEFENDANT'S RESPONSE TO GOVERNMENT'S MOTION FOR COMPETENCY AND SANITY EXAMINATION (*Darryl Wright*; No. CR14-5539 BHS) - 6

BLACK LAW, PLLC
1111 Hoge Building, 705 Second Avenue
Seattle, WA  98104
206.623.1604 | Fax:  206.658.2401

### III. CONCLUSION

Based on the foregoing, the defense respectfully requests that the Court deny the Government's motion to compel Mr. Wright to undergo a psychological evaluation to determine his competency and sanity prior to sentencing. The defense would not object to an order requiring Dr. Salusky to submit a clarifying addendum to his report.

DATED this 7th day of September, 2016.

Respectfully submitted,

BLACK LAW, PLLC

s/ Christopher Black
Christopher Black
Attorney for Darryl Wright
Black Law, PLLC
1111 Hoge Building
705 Second Avenue
Seattle, WA  98104
Phone:      206.623.1604
Fax:         206.658.2401
Email:      chris@blacklawseattle.com

DEFENDANT'S RESPONSE TO GOVERNMENT'S MOTION FOR COMPETENCY AND SANITY EXAMINATION (*Darryl Wright*; No. CR14-5539 BHS) - 7

BLACK LAW, PLLC
1111 Hoge Building, 705 Second Avenue
Seattle, WA  98104
206.623.1604 | Fax:  206.658.2401

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served on the below-noted date, via the CM/ECF system, upon the parties required to be served in this action.

DATED this 7th day of September, 2016.

                                      Respectfully submitted,

                                      BLACK LAW, PLLC

                                      *s/ Christopher Black*
                                      Christopher Black
                                      Attorney for Darryl Wright
                                      Black Law, PLLC
                                      1111 Hoge Building
                                      705 Second Avenue
                                      Seattle, WA  98104
                                      Phone:      206.623.1604
                                      Fax:        206.658.2401
                                      Email:       chris@blacklawseattle.com

DEFENDANT'S RESPONSE TO GOVERNMENT'S MOTION FOR COMPETENCY AND SANITY EXAMINATION (*Darryl Wright*; No. CR14-5539 BHS) - 8

BLACK LAW, PLLC
1111 Hoge Building, 705 Second Avenue
Seattle, WA  98104
206.623.1604 | Fax:  206.658.2401