The Honorable Benjamin H. Settle

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DARRYL WRIGHT,<br><br>Defendant. | No. CR14-5539 BHS<br><br>MOTION TO RECONSIDER MODIFICATION OF BOND CONDITION<br><br>Note for Consideration:<br>September 8, 2016 |

## I.   INTRODUCTION

Defendant Darryl Wright, by his attorney, Christopher Black, moves the Court to reconsider its decision to grant the Government's oral motion to modify Mr. Wright's conditions of release by imposing a condition that Mr. Wright refrain from contact with his daughter pending sentencing. See Dkt. No. 200.  The defense brings this motion under CrR 12(b)(10), Local Rules, W.D. Wash.  The basis for the request to reconsider is that the Court was presented with inaccurate information in conjunction with the motion, and that absent this inaccurate information, the modification is not warranted.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

On August 18, 2016, the Government filed a sentencing memorandum which included allegations against Mr. Wright in reference to a letter to the Court from his daughter. Dkt. No.

MOTION TO RECONSIDER MODIFICATION OF
BOND CONDITION
(*Darryl Wright*; No. CR14-5539 BHS) - 1

BLACK LAW, PLLC
1111 Hoge Building, 705 Second Avenue
Seattle, WA  98104
206.623.1604 | Fax:  206.658.2401

193, at 9-10.  The memorandum included the following allegations: Mr. Wright destroyed a letter drafted by his daughter, MWM; Mr. Wright insisted that MWM write a new letter; Mr. Wright wrote in the letter what he thought MWM should say. Id.  The memorandum also references an interview of MWM by Victim/Witness Coordinator Maggie Land. Id. at 10.

On August 23, 2016, the Government provided the defense a memo detailing the interview of MWM by Ms. Land and AUSA Gruber, which occurred on August 11, 2016. Exhibit 1.[1]  The information in this memo does not comport with the information in the Government's sentencing memorandum.  In particular:

1. The memo indicates that MWM gave a handwritten letter to Mr. Wright's significant other, rather than to Mr. Wright.  The memo does not indicate that Mr. Wright ever possessed or even saw the handwritten letter.

2. The memo does not mention Mr. Wright discussing a "new" letter.

3. The memo does not indicate that Mr. Wright wrote what he thought MWM should say. Rather, it states that Mr. Wright told her to tell him what she wanted to say and he would type it.  Further, there is no indication that Mr. Wright omitted anything from the letter that she told him she wanted to say or included anything she did not want in the letter.

See Exhibit 1, at 2.  The version of the facts in this memo is much more consistent with the facts set forth in Mr. Wright's declaration about this allegation (Dkt. No. 198-2) than is the version in the Government's sentencing memorandum.

At the close of the initial hearing on Mr. Wright's sentencing, the Government moved to modify Mr. Wright's conditions of release by imposing a condition that Mr. Wright refrain from contact with his daughter pending the completion of the sentencing, based on the allegations

---

[1] The Government provided this memo to the defense in Microsoft Word.  It has been edited in that program by replacing the names of minors with initials, but is otherwise unchanged.

MOTION TO RECONSIDER MODIFICATION OF BOND CONDITION
(*Darryl Wright*; No. CR14-5539 BHS) - 2

Black Law, PLLC
1111 Hoge Building, 705 Second Avenue
Seattle, WA  98104
206.623.1604 | Fax:  206.658.2401

regarding the letter. Undersigned counsel attempted to respond by saying that Mr. Wright loves his daughter very much and would never do anything to hurt her in any way. The Government interrupted, stating that that was not true, as Mr. Wright had previously attempted to have his daughter arrested. Counsel inappropriately responded directly to the Government, stating that the Government's allegation was not true. The Court then granted the Government's motion.

On August 31, 2016 the Government provided discovery to the defense that included the Lake Forest Park Police file regarding the incident at issue. The defense does not know when the file came into the Government's possession. This file provided the following facts:

1. On September 23, 2015 the Government in this case provided the defense discovery which included a recording of a phone call between Mr. Wright and his daughter.

2. On September 29, 2015 undersigned counsel spoke to AUSA Jennings about the recording. Mr. indicated that the Government had received the recording from Darla McDaniel, MWM's mother.

3. Later on September 29, 2015, Mr. Wright filed a complaint against Darla McDaniel with the City of Snoqualmie Police Department via email, for unlawfully recording a phone call without his consent.

4. In the complaint that Mr. Wright filed, he stated that his daughter had not had anything to do with the recording. Specifically, he said: "I am with my daughter right now in Boise, and she confirms to me that she did not record our telephone conversation, she does not know how to record our telephone conversations, and does not know who could have recorded our telephone conversation."

5. The complaint was transferred to the Lake Forest Park Police Department (LFPPD) for investigation. A LFPPD detective contacted Ms. McDaniel on October 17, 2015 and let

MOTION TO RECONSIDER MODIFICATION OF BOND CONDITION
(*Darryl Wright*; No. CR14-5539 BHS) - 3

Black Law, PLLC
1111 Hoge Building, 705 Second Avenue
Seattle, WA 98104
206.623.1604 | Fax: 206.658.2401

her know about Mr. Wright's allegation. Ms. McDaniel indicated that she wanted to speak to an attorney before discussing the situation. She never followed up with the detective.

There is nothing in the file suggesting that Mr. Wright ever made any allegations whatsoever against his daughter. Likewise, nothing in the file suggests that Mr. Wright desired his daughter's arrest. In short, the Government's representation to the Court that Mr. Wright had previously tried to have his daughter arrested is, in fact, not true.

### III.   ARGUMENT

The Court should reconsider its order granting the Government's motion to impose a condition of no contact with his daughter on Mr. Wright pending sentencing. The motion for reconsideration is appropriate under CrR 12(b)(10) because the defense did not previously have an opportunity to set forth all the relevant facts and because the defense has learned of new relevant facts since the Court ruled on the motion, as set forth above. The Court should grant the motion because the facts previously provided to the Court by the Government are far more malevolent than even the actual evidence in the Government's possession establishes. Under the facts set forth above, there does not appear to be a basis to find either that Mr. Wright obstructed justice or that a condition of no-contact with his daughter is warranted. This request is important because it is unclear when the sentencing will reconvene, and Mr. Wright is going to be going to prison soon after the sentencing. Any time that he is able to spend with his daughter is very precious to him.

MOTION TO RECONSIDER MODIFICATION OF BOND CONDITION
(*Darryl Wright*; No. CR14-5539 BHS) - 4

BLACK LAW, PLLC
1111 Hoge Building, 705 Second Avenue
Seattle, WA  98104
206.623.1604 | Fax:  206.658.2401

IV. **CONCLUSION**

Based on the foregoing, the defense respectfully requests that the Court reconsider its decision to grant the Government's motion to impose a condition of no contact with his daughter on Mr. Wright pending sentencing.

DATED this 8th day of September, 2016.

                                        Respectfully submitted,

                                        BLACK LAW, PLLC

                                        *s/ Christopher Black*
                                        Christopher Black
                                        Attorney for Darryl Wright
                                        Black Law, PLLC
                                        1111 Hoge Building
                                        705 Second Avenue
                                        Seattle, WA  98104
                                        Phone:      206.623.1604
                                        Fax:        206.658.2401
                                        Email:      chris@blacklawseattle.com

MOTION TO RECONSIDER MODIFICATION OF BOND CONDITION
(*Darryl Wright*; No. CR14-5539 BHS) - 5

BLACK LAW, PLLC
1111 Hoge Building, 705 Second Avenue
Seattle, WA  98104
206.623.1604 | Fax:  206.658.2401

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served on the below-noted date, via the CM/ECF system, upon the parties required to be served in this action.

DATED this 8th day of September, 2016.

        Respectfully submitted,

        BLACK LAW, PLLC

        <u>s/ Christopher Black</u>
        Christopher Black
        Attorney for Darryl Wright
        Black Law, PLLC
        1111 Hoge Building
        705 Second Avenue
        Seattle, WA  98104
        Phone:   206.623.1604
        Fax:   206.658.2401
        Email:   chris@blacklawseattle.com

MOTION TO RECONSIDER MODIFICATION OF BOND CONDITION
(*Darryl Wright*; No. CR14-5539 BHS) - 6

BLACK LAW, PLLC
1111 Hoge Building, 705 Second Avenue
Seattle, WA  98104
206.623.1604 | Fax:  206.658.2401